[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
In this case, the plaintiff was operating her motor vehicle in a westerly direction on Route 6 in Brooklyn, Connecticut at the intersection of Route 6 and 169 at approximately 1:05 PM on October 19, 1999.
The defendant was traveling in the opposite direction and turned his vehicle in front of the plaintiff's vehicle as he attempted to make a left turn onto Route 169. The defendant has admitted liability and the sole issue for the court is the question of damages.
The plaintiff was the operator of the car and she was thrown about inside the vehicle at the time of the collision. She went to the Day Kimball Hospital the day after the accident and she also treated with NES Medical Services and also had x-rays taken. The plaintiff suffered a right shoulder strain and also a cervical strain. The damage to her car was heavy and the vehicle was totaled. She had done volunteer work at school and she was unable to do that for one month. In June, 2000, she saw Dr. Michael Ellsworth, an orthopedic surgeon. He found that she did have discomfort on the right shoulder and the supra clavicular area. He also found that rotation to the left was reduced by 10-15% and to the right it was full. His impression was that she suffered a cervical strain and a right shoulder strain. She did not treat further until June 28, 2001. She returned for a final evaluation of her neck and shoulder as related to the automobile accident of October 19, 1999. She claimed that she still suffers pain along the right supra clavicular area. She has difficulty doing house cleaning and working outside of the house raking leaves and so on. She has full rotation or motion of the cervical spine except for about a 5% loss of rotation to the left. Motion of the right shoulder of abduction in the coronal plane is limited to 95% of normal. IR is 90%; ER is 95%; flexion is full; extension is 95%. Because of the tenderness and palpation that is still present and some loss of motion of the neck and shoulder, Dr. Ellsworth awarded her with a 5% loss of right CT Page 5308 shoulder attributed to a chronic strain secondary to her automobile accident of 1999. The plaintiff complained of difficulty doing household chores and also that she couldn't sleep on her right side because the shoulder hurt. She takes Tylenol and Aleve but finds that it doesn't help. She did not have any more visits to the doctor because she believed that nothing could be done to help her and she also had to pay the medical bills herself.
The property damage to both vehicles was substantial.
The defendant had the plaintiff's medical records reviewed by Dr. James Gibbons. Dr. Gibbons testified that treatment should have only taken a few weeks and that she had no permanent disability. Upon cross examination, Dr. Gibbons acknowledged that he has essentially retired and that his primary work at this time consists of doing independent medical examinations and record reviews. He was asked to review the records of the plaintiff and his testimony is entirely based upon the record review. He did not examine the plaintiff. He also acknowledged under cross examination that he does IME's for insurance companies every Monday and every other Tuesday for 11 months of the year. On each of those days he examines six or seven patients. He also reviews three or four records of plaintiffs over an eleven month period as well. He is paid $130 — $150 per IME and $150 for a record review.
The court finds that the testimony of the treating doctor, Dr. Ellsworth, is the more persuasive evidence as to the injuries of the plaintiff. The court also finds that she does have a 5% permanent disability which is based upon objective findings primarily due to tenderness upon palpation. The court finds that she will have a 5% loss of the right shoulder attributed to the accident. The court finds that at age 34 she has a life expectancy of 46.7 years.
The plaintiff submitted medical bills in the total amount of $1,197.87. However, this included a $79.00 bill for the evaluation of June 28, 2001. The court finds that this was not treatment and should not properly be included in the medical bills.
Accordingly, the court finds that the total economic damages suffered by the plaintiff come to $1,118.37. The court also finds that the plaintiff has suffered at home, at her work inside and outside of the house. She claims that she has no recreational activities. She has suffered difficulty doing housework and work outside of the house which is now done for the most part by her husband or her sons who are now old enough to help out. She complains of pain and cannot do all of her household chores. She also cannot sleep on her right side because her shoulder hurts. CT Page 5309
Accordingly, based upon the testimony of the plaintiff, the testimony of Dr. Ellsworth and the fact that the plaintiff is only 34 years of age, the court awards noneconomic damages in the amount of $15,000. Accordingly, the total damages awarded to the plaintiff are $16,118.37.
D. Michael Hurley, Judge Trial Referee